UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLEOTIS RAYMOND JONES, JR., § | | |
| TDCJ # 1107489, § | | |
| § | | |
| Plaintiff, § | | CIVIL ACTION |
| v. § | | |
| § | | No. SA-6-CA-848-NSN |
| Warden R. CASTRO, Captain J. GARCIA, § | | |
| Officer P. CORTEZ, Officer A. DEES, and § | | |
| Officer J. TURRUBIARTES, § | | |
| § | | |
| Defendants. § | | |

# M E M O R A N D U M   D E C I S I O N

Before the Court is Plaintiff Cleotis Raymond Jones, Jr.'s 42 U.S.C. § 1983 Civil Rights Complaint and Defendants' Motion for Summary Judgment. This Memorandum Decision is entered pursuant to 28 U.S.C. § 636(c) and the consent of the parties. (*See* Docket Entries ## 14, 32, 37, 42.)

## I.

Plaintiff Cleotis Raymond Jones, Jr.'s 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 5) as clarified by his answers to this Court's Interrogatories (Docket Entry # 10) alleges: Plaintiff is in the custody of the Texas Department of Criminal Justice (TDCJ) Institutional Division's Connally Unit. On April 25, 2006, he was in the Connally Unit recreation yard and refused to comply with TDCJ officers' orders that he return to his cell. Officers used gas on Jones and a five man team forced Jones to the ground. Defendants jumped on Jones and secured him with shackles and hand restraints; though Jones offered no resistance Defendants then proceeded to assault Jones by punching and kicking him, sticking fingers in his eye, "twist[ing] Plaintiff's private parts," and "ripp[ing] a huge hole in Plaintiff's mouth" causing him to spit blood. Jones suffered cuts, scrapes, bruises, blurry vision, a scar in his mouth, chest pains, neck and back injuries, severe headaches, a

chipped tooth, depression, and was denied food and a shower for the next couple of days. Thereafter Plaintiff was denied medical attention. Plaintiff sues TDCJ Officers Cortes, Dees, and Turrubiartes for assault, and sues Warden Castro and Captain Garcia for failure to protect him and failure to properly supervise their officers. Jones seeks damages and injunctive relief.

Defendants move for summary judgment (Docket Entry # 52) contending: Plaintiff has no cause of action against Warden Castro and Captain Garcia because they were not personally involved in the matters Jones complains; Defendants Cortez, Dees, and Turrubiartes are entitled to summary judgment because the record shows the force was reasonably used to restore order and Jones suffered only de minimis injuries; Defendants are not liable on Jones' medical claim because none of the Defendants are responsible for furnishing medical care; Defendants are entitled to qualified immunity in their individual capacities; and Defendants are immune pursuant to the Eleventh Amendment in their official capacities.

## II.

An action may be dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). On a motion to dismiss for failure to state a claim, this Court accepts as true the factual allegations of the complaint. *U.S. v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991).

A party is entitled to summary judgment pursuant to Fed. R. Civ. P. 56(c) where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A party against whom summary judgment is sought may not rest on the allegations or denials

of his pleadings, but must come forward with sufficient evidence to demonstrate a "`genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute concerning a material fact is "genuine" and sufficient to overcome a summary judgment motion "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When presented with a motion for summary judgment a plaintiff must present evidence in support of his claims, and incompetent, subjective, or conclusory sworn allegations are not sufficient to meet this burden. *See Hall v. Thomas*, 190 F. 3d 693, 696 (5th Cir. 1999) ("[a prisoner's] subjective complaints, unsupported by evidence, are insufficient to defeat . . . summary judgment"); *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F. 3d 319, 324 (5th Cir. 1998) (affidavits stating legal conclusions without reference to material facts are not competent); *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F. 2d 220, 225 (5th Cir. 1991) (affidavits setting forth "ultimate or conclusory facts and conclusions of law" not competent). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, ___ U.S. ___, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

- A -

In a § 1983 civil rights action a plaintiff must show the defendant was personally involved in the actions plaintiff complains of, or is responsible for the policy or custom giving rise to the constitutional deprivation. *See Murphy v. Kellar*, 950 F. 2d 290, 292 (5th Cir. 1992); *McConney v. Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981), *cert. denied*, 456 U.S. 918 & 919 (1982). An employer cannot be held liable under § 1983 on a respondeat superior theory, i.e. an employer is not liable under § 1983 solely because it employs a tortfeasor. *Monell v. Dept. Soc. Servs. City New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Plaintiff failed to allege or offer proof how Defendants Castro and Garcia were involved in the matters he complains of. Therefore, these Defendants are entitled to summary judgment and dismissal of the claims against them.

- B -

The record shows no basis for Jones' excessive force and medical care claims and thus Defendants are entitled to summary judgment.

To proceed under § 1983 the plaintiff must show the violation of his constitutional or other federal rights. *Daniels v. Williams*, 474 U.S. 327, 329-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). In *Hudson v. McMillian*, 503 U.S. 1, 7, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992), the Supreme Court summarized the standard applicable for analyzing prisoner's Eighth Amendment excessive force claims as follows:

> [W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment] Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.
>
> . . . .
>
> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  []"Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"[].  The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimus uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'"

(prior citations omitted).

A prison official may be liable under the Eighth Amendment for deliberate indifference to prison health and safety conditions only if he knows an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  For a prisoner to state a civil rights claim for the denial of medical attention, the prisoner must allege the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1978).  Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed.2d 662 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106.  Disagreement with a physician's diagnosis or course of treatment is not a basis for a § 1983 civil rights claim, *see Norton v. Dimazana*, 122 F. 3d 286, 291 (5th Cir. 1997), and likewise "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action," *Varnado v. Lynaugh*, 920 F. 2d 320, 321 (5th Cir. 1991).

The case and controversy requirement of Article III of the Constitution requires that to establish a federal civil rights claim, the plaintiff must show an injury attributable to the defendant, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974), that is more than trivial or de minimus, *see Siglar v. Hightower*, 112 F. 3d 191, 193-94 (5th Cir. 1997).

The record shows and Jones admits that on April 25, 2006, Jones became belligerent and disobeyed repeated orders that he leave the recreation yard and submit to hand restraints. A five man extraction team was then called in, subdued Jones, applied hand and leg restraints, and carried Jones to his cell; during this time Jones continued to refuse to cooperate, and swore at and threatened the officers. Following this incident Nurse Evans observed Jones and noted Jones had "no observable injuries." Jones complained of bleeding and a cut inside his mouth and was seen for treatment on April 26, 2006.

The record shows that the TDCJ officers' use of force on April 25, 2006 was a reasonable effort to restore order and discipline after Jones admittedly refused to obey TDCJ officers orders, and thus there is no basis for Jones' excessive force claim. The record also shows Jones was furnished medical attention following the incident and thus there is no basis for his claim he was denied medical care. Furthermore, the medical records show the only injury Jones sustained was a cut and bleeding inside his mouth for which he was treated. *See Gobert v. Caldwell*, 463 F. 3d 339, 347 n.24 (5th Cir. 2006) ("'Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's [civil rights] allegations'"). The medical records show this injury was no more than de minimis and in any event the incident was provoked by Jones' refusal to cooperate and the need for force to remove him from the recreation yard; thus Jones has no basis for an excessive force claim, an assault claim, or a medical care claim for lack of an actionable injury. *See Siglar v. Hightower*,

112 F. 3d at 193-94 (use of force against prisoner resulting in a sore and bruised ear lasting for three days following scuffle with prison officer was de minimis and not a sufficient basis for Eighth Amendment excessive force claim).

In response to Defendants' summary judgment motion, Jones repeats the allegations of his complaint and he contends that the medical records are fabrications. Jones claims are conclusory and "blatantly contradicted by the record" such that "no reasonable jury could believe" his claims. *See Gobert v. Caldwell*, 463 F. 3d at 347 n.24; *Scott v. Harris*, 127 S. Ct. at 1776. The record shows no material issue of fact for trial and Defendants are entitled to judgment as a matter of law, and consequently Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(c).

- C -

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims requires a two-step analysis: whether plaintiff has alleged a violation of a constitutional right and whether the constitutional right allegedly violated was clearly established at the time the events in question occurred. *Nerren v. Livingston Police Dept.*, 86 F. 3d 469, 473 (5th Cir. 1996). When a public official pleads the affirmative defense of qualified immunity in his answer, it is the plaintiff's burden to overcome the defense, and the district court may require the plaintiff to reply to that defense in sufficient detail to overcome the defense or face dismissal. *Schultea v. Wood*, 47 F. 3d 1427, 1433 (5th Cir. 1995) (en banc). Because Plaintiff failed to introduce evidence sufficient to create a material issue of fact concerning the violation of his clearly established constitutional rights, he

failed to overcome Defendants' qualified immunity defenses. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F. 3d 1388, 1397-99 (5th Cir. 1994).

### - D -

Defendants contend Plaintiff's suit for damages against them in their official capacities is barred by the Eleventh Amendment. Because the States enjoy sovereign immunity from suit for money damages under the Eleventh Amendment, and because a suit against a State official in his official capacity is in effect a suit against the State the official represents, neither a state nor state officials sued in their official capacity are "persons" subject to suit under § 1983 when monetary relief is sought. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 & n.10, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Therefore, Plaintiff has no claim for damages against Defendants in their official capacities.

### III.

Accordingly, Defendants' Motion for Summary Judgment (Docket Entry # 52) is **GRANTED** and Plaintiff Jones' § 1983 Civil Rights Complaint (Docket Entry # 5) is **DISMISSED WITH PREJUDICE**. All other pending motions are **DENIED** as moot.

**SIGNED** on December 17, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE